IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13CV157-MU

| | | |
|---|---|---|
| MELINDA V. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DAY & ZIMMERMAN SECURITY GARDEN STREET, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon the Defendant's Motion to Dismiss Plaintiff's Compliant. Plaintiff responded to Defendant's Motion on April 18, 2013 and Defendant has declined to file a Reply.

The *pro se* Plaintiff, a former security guard of DZSS (which Defendant acquired), appears to allege that the Defendant violated Title VII of the Civil Rights Act of 1964 and engaged in sex discrimination, sexual harassment, and retaliation. Defendant has moved to dismiss all of Plaintiff's claims pursuant to Rules 12(b)(5) and 12(b)(6).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 27, 2010 alleging claims of sex discrimination, sexual harassment and retaliation under Title VII. The EEOC mailed Plaintiff her "Right to Sue" letter on June 24, 2011. Plaintiff then filed the instant lawsuit in state court on September 22, 2011, which also alleges claims of sex discrimination, sexual harassment and retaliation, and a summons was issued that same day. While the Plaintiff's Complaint does not identify the legal basis for her cause of action, based on the allegations of sex discrimination, sexual harassment and retaliation in her Complaint and the filing of these same claims in the EEOC Charge, it

1

appears that the Plaintiff is alleging the Defendant violated Title VII of the Civil Rights Act of 1964. Plaintiff failed to serve the September 22, 2011 summons and Complaint on the Defendant and instead obtained a second summons on January 9, 2013, four hundred and seventy-five days after the original summons was issued. Plaintiff served Defendant with the new summons and the original Complaint on February 8, 2013. The January 9, 2013 summons is the only summons that has been served on the Defendant and it is not an "alias and pluries" summons, nor is it endorsed. Defendant removed the action to this court on March 12, 2013.

Defendant argues that Plaintiff's Title VII claim should be dismissed due to Plaintiff's insufficient service of process under the North Carolina Rules of Civil Procedure, which resulted in Plaintiff's claims being untimely filed, making dismissal appropriate under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of an action due to "insufficiency of service of process." *See Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The plaintiff bears the burden of demonstrating that service of process, and the process itself, complies with the applicable Rules of Civil Procedure. *McDaniel v. Greyhound Lines, Inc.*, 2008 U.S. Dist. LEXIS 58299, at *10 (W.D.N.C. July 7, 2008).

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action where the plaintiff fails to state a claim upon which relief can be granted. When a plaintiff's lawsuit or claims alleged therein cannot be asserted due to statute of limitations or timeliness issues, dismissal is appropriate under Rule 12(b)(6). *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005); *see also Shepard v. Lowe's Food Stores, Inc.*, 2009 U.S. Dist. LEXIS 113946, at *5-6 (M.D.N.C. Dec. 7, 2009) (treating defendant's Rule 12(b)(1) motion to dismiss for failure to file suit within 90 days of receiving a "Right to Sue" letter as a Rule 12(b)(6) motion).

Under the North Carolina Rules of Civil Procedure, service of summons "must be made within 60 days after the date of the issuance of the summons." N.C.R. Civ. P. 4(c). If service is not made within the 60-day time period, service of the summons may be extended if "the plaintiff obtains either an endorsement upon the original summons (within 90 days after it issues) or sues out an alias or pluries summons (within 90 days after the date of issue of the last preceding summons)." *Greene v. Carolina Motor Club, Inc.*, 2010 U.S. Dist. LEXIS 121368, at *4; *see also* N.C. R. Civ. P. 4(d). When the plaintiff has received neither an endorsement nor an alias or pluries summons within the time prescribed in Rule 4(d), "the action is discontinued as to any defendant not served within the time allowed and treated as if it had never been filed." *Dozier v. Crandall*, 105 N.C. App. 74, 78, 411 S.E.2d 635, 638 (N.C. Ct. App. 1992); *see also* N.C. R. Civ. P. 4(e); *Greene*, 2010 U.S. Dist. LEXIS 121368, at *4-5. The plaintiff may then seek an endorsement or alias or pluries summons, but "the action shall be deemed to have commenced on the date of such issuance or endorsement." N.C. R. Civ. P. 4(e); *see also Dozier*, 105 N.C. App. at 78, 411 S.E.2d at 638.

Under Title VII, a plaintiff has ninety (90) days from the date of receipt of the EEOC's "Right to Sue" letter in which to file a lawsuit arising under the same claims. 42 U.S.C. §2000e-5(f)(1). Failure to do so is grounds for dismissal with prejudice and is appropriate under Federal Rule of Civil Procedure 12(b)(6). *Shepard*, 2009 U.S. Dist. LEXIS 113946, at *5-6; *see also Douglas v. US Airways Group, Inc.*, 2011 U.S. Dist. LEXIS 49643, at *14-15 (W.D.N.C. May 9, 2011); *Greene*, 2010 U.S. Dist. LEXIS 121368, at *2 (dismissing plaintiff's Title VII claims for untimeliness when more than 90 days passed between plaintiff's "Right to Sue" letter and the date of the new summons); *Land v. Food Lion, LLC*, 2012 U.S. Dist. LEXIS 66717, at *7, 9

3

(W.D.N.C. May 14, 2012) (citing *Reid v. Potter*, 2007 U.S. Dist. LEXIS 87050, at *5 (W.D.N.C. Nov. 9, 2007)).

The Plaintiff filed the Complaint on September 22, 2011, and a summons was issued that same day. However, the Plaintiff failed to serve the Defendant with this summons and was thus required to either (1) secure an endorsement of the original summons; or (2) obtain an alias and pluries summons by December 21, 2011. N.C. R. Civ. 4(d). Instead, the Plaintiff let this summons lapse and sought and received a second summons on January 9, 2013. Because the Plaintiff failed to maintain an uninterrupted civil action by obtaining a duly-issued endorsement or alias and pluries summons within the allowed 90 day period, Rule 4(e) of the North Carolina Rules of Civil Procedure dictates that the action is treated as discontinued and as if it was never filed. *See Dozier*, 105 N.C. App. at 78; 411 S.E.2d at 638. As a result of Plaintiff's insufficient service of process under Rule 4(e), Plaintiff failed to bring a civil action within 90 days of receiving her "Right to Sue" letter. Accordingly, Plaintiff's Title VII claims are time-barred.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Compliant is hereby GRANTED, and Plaintiff's Compliant is dismissed with prejudice.

Signed: May 30, 2013

Graham C. Mullen
United States District Judge